UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00057-MR

| RANDALL SCOTT MCCAUL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU RATHBONE, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. After some delay in receiving Plaintiff's prisoner trust account statement, the Clerk recently granted Plaintiff in forma pauperis status. [Docs. 2, 7; see Doc. 6].

**I. BACKGROUND**

Pro se Plaintiff Randall Scott McCaul ("Plaintiff") is currently detained at Buncombe County Detention Facility ("BCDF") in Asheville, North Carolina. He filed this action on March 14, 2022, purportedly pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, against Defendants FNU Rathbone, FNU Barnard, and FNU Allman, all identified as employees of the Buncombe

County Sheriff's Office and sued in their individual and official capacities. [Doc. 1]. Plaintiff purports to assert claims for theft of personal property, conspiracy, "false log reportage," U.S. mail tampering, and failure to "permit/provide law library access." [Id. at 3]. Plaintiff alleges that he cannot explain how each Defendant acted under color of state and/or federal law because he is "locked in a cell with no access or outside support." [Id. at 4]. Plaintiff alleges, in pertinent part, as follows. In or around November 2021, Defendant Barnard was on duty in the booking area of BCDF and took Plaintiff's socks, t-shirt, and personal papers. On November 23, 2021, Plaintiff's toes "were stomped by staff & Baliffs [*sic*]" on the way to Magistrate's court. Plaintiff sustained physical injuries from this incident and did not receive treatment until January 2022. On or around December 1, 2021, Defendant Rathbone "tore up & disposed a stamped envelope." [Id. at 5]. Plaintiff makes no allegations against Defendant Allman. [See Doc. 1].

For relief, Plaintiff seeks monetary relief, "re-training" of prison staff, and for "[Defendant] Rathbone & All staff [to] be locked up in a cell," "dosed with pepper spray," tasered, and made to endure lockdown in a cell "for some period of time." [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to allege which constitutional rights he contends were violated by the alleged conduct. The Court, therefore, will address those claims fairly raised by the allegations of Plaintiff's Complaint.

### A. Personal Property

Plaintiff alleges that Defendant Barnard, while on duty in the booking area, took Plaintiff's personal property. While this claim implicates the Fourteenth Amendment, it fails because Plaintiff has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by

---

[1] Plaintiff also purports to state a claim under Bivens. Bivens, however, provides no relief to Plaintiff here. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. Plaintiff's allegations implicate only state actors. The Court, therefore, will dismiss Plaintiff's Complaint to the extent he seeks to bring it under Bivens.

an unauthorized act wrongfully deprives an owner of his property."). Plaintiff may bring his claim for the deprivation of his personal property in state court. As such, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment.

### B. Mail Tampering

Prisoners generally have a First Amendment right to both send and receive mail. See Thornburgh v. Abbot, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Plaintiff, however, alleges only that Defendant Rathbone "tore-up & disposed a stamped envelope." [Doc. 1 at 5]. Plaintiff does not allege that the envelope contained any mail, and the allegation was made in the context of other allegations regarding personal property. [See id.]. To the extent this claim relates to lost personal property, Plaintiff has failed to state a claim for relief, as above. Moreover, a single instance of interference with an inmate's mail is typically insufficient to constitute a First Amendment violation. Iwanicki v. Pa. Dep't of Corr., 582 Fed. App'x 75, 79 (3d Cir. 2014). To the extent Plaintiff sought to state a First Amendment claim, he has also failed to do so.

### C. Law Library Access

Prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The "meaningful access" referred to in Bounds

does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Here, Plaintiff makes no allegations in support of his claim based on the alleged "failure to permit/provide law library access" and fails to identify any individual(s) responsible for the alleged failure. Moreover, pre-trial detainees do not have a constitutional right of access to a law library. Jones v. Lexington County Detention Center, 586 F.Supp.2d 444, 448 (D.S.C. Jan. 24, 2008). As such, Plaintiff has failed to state a claim for relief on this issue and it will be dismissed.

## D. Personal Injury

Plaintiff alleges that when he was "en route to Mag. Court" his toes "were stomped by staff & Baliffs [*sic*]." [Doc. 1 at 5]. Plaintiff does not identify any individuals responsible for this incident or any other circumstances thereof.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Even taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has failed to state a claim under the Fourteenth Amendment. At best, Plaintiff's allegations implicate the possibility of negligence. Moreover, Plaintiff did not identify any individuals

7

allegedly responsible for this incident. The Court, therefore, will also dismiss this claim.

### E. Official Capacity

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue Defendants, who are employees of the Sheriff's Office, in their official capacities. Plaintiff, however, fails to allege that any

official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff, therefore, has also failed to state a claim against Defendants in their official capacities and these claims will be dismissed.

Plaintiff has made no allegations against Defendant Allman and the Court will also dismiss him/her as a Defendant in this matter. Finally, Plaintiff purports to bring claims for violation of his constitutional rights by "False Log Reportage" and "conspiracy," but he makes no allegations supporting or regarding these claims. The Court, therefore, will dismiss them. Plaintiff, thus, has no remaining claims before the Court. The Court, however, will allow Plaintiff to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Finally, piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review for Plaintiff's failure to state any claim for relief. See 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants Rathbone, Barnard, and Allman are **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims and claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), are hereby **DISMISSED** in accordance with this Order.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: May 27, 2022

Martin Reidinger
Chief United States District Judge